UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEAN E. THORPE,

     Plaintiff,

vs

NORTH OAKLAND
TRANSPORTATION AUTHORITY, INC.

     Defendant.

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

    Plaintiff, JEAN E. THORPE, by and through her attorneys, TERESA J. GORMAN PLLC, for her Complaint, states:

### JURISDICTION AND PARTIES

1.    This suit is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 USC §2000e et seq. and the Elliott-Larsen Civil Rights Act, MCL §37.2101 et seq.

2.    This court has jurisdiction pursuant to 28 USC §1331 and 28 U.S.C. §1367(a).

3.    Plaintiff is a citizen of the United States and a resident of Lake Orion, Oakland County, Michigan.

4.      Defendant is a domestic non-profit corporation doing business in Oxford, Oakland County, Michigan.

5.      Plaintiff was Defendant's employee within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 USC §2000e et seq. and the Elliott-Larsen Civil Rights Act, MCL §37.2101 et seq.

6.      Defendant meets all of the requirements for employer status under Title VII of the Civil Rights Act of 1964, as amended, 42 USC §2000e et seq. and the Elliott-Larsen Civil Rights Act, MCL §37.2101 et seq.

7.      The events giving rise to this cause of action occurred in Oakland County, Michigan, in the Eastern District of Michigan. Accordingly, venue lies in the United States District Court for the Eastern District of Michigan under 28 USC §1391(b).

8.      The amount in controversy exceeds $75,000.00, exclusive of interest, costs, and attorney fees.

## GENERAL ALLEGATIONS

9.      Plaintiff incorporates by reference paragraphs 8.

10.     Plaintiff is a 67 year old female.

11.     In or around August 2017, Plaintiff commenced employment with Defendant as a Dispatcher.

12.     Shortly after her hire, Plaintiff transferred to a Transport Driver position.

13.     Plaintiff was one of only two female Transport Drivers working with approximately nineteen male Transport Drivers.

14.     During Plaintiff's employment with Defendant, Plaintiff was subjected to a gender-based hostile work environment and disparate treatment discrimination based on her sex which included, but was not limited to:

a       being subjected to generally hostile treatment, treatment to which her similarly situated male co-workers were not subjected;

b.      being disparaged and defamed, treatment to which her similarly situated male co-workers were not subjected;

c.      being subjected to increased scrutiny, treatment to which her similarly situated male co-workers were not subjected;

d.      being subjected to discipline for alleged policy violations where her similarly situated male co-workers were not subjected to discipline for the same or more egregious policy violations;

e.      being subjected to far more stringent regulations than her similarly situated male co-workers;

f.     being subjected to humiliating, embarrassing, and harassing inquiries regarding her bathroom breaks, treatment to which her similarly situated male co-workers were not subjected; and

g.     being terminated in September 2020 for violating a cell phone policy where her similarly situated male co-worker who committed the same cell phone policy violation was neither terminated nor disciplined.

15.    Plaintiff complained to Defendant about the sex discrimination and hostile work environment to which she was subjected.

16.    On September 9, 2020, a male on-duty Transport Driver called Plaintiff's cell phone while Plaintiff was transporting a passenger.

17.    Assuming the call to be work-related, Plaintiff answered the call with the speaker-mode activated on her cell phone.

18.    The call from the male Transport Driver was not business related.

19.    Two days later, Defendant terminated Plaintiff for violating Defendant's use of cell phone policy and state law.

20.    The male Transport Driver who placed the call was not terminated and received no discipline.

21.    Male Transport Drivers regularly use their cell phones while transporting passengers.

22.    Male Transport Drivers have not received discipline nor have they been terminated for using their cell phones while transporting passengers.

23.    As a direct and proximate result of Defendant's discrimination and retaliation, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits and has suffered mental anguish, physical and emotional distress, and humiliation and embarrassment.

### COUNT I
### SEX DISCRIMINATION
### IN VIOLATION OF TITLE VII

24.    Plaintiff incorporates by reference paragraphs 1-23

25.    Plaintiff is a member of a protected group under the Title VII Civil Rights Act, 42 U.S.C.A. § 2000e, *et seq.*, on the basis of her sex.

26.    During Plaintiff's employment, Defendant, by and through its managers, employees, agents, and representatives, intentionally discriminated against Plaintiff in the terms and conditions of employment based on unlawful consideration of sex.

27.    During Plaintiff's employment, Defendant, by and through its managers, employees, agents, and representatives, treated Plaintiff differently from similarly situated male employees in the terms and conditions of employment.

28.     Plaintiff was subjected to sex discrimination by Defendant, by and through its managers, employees, agents, and representatives, said acts being made unlawful by Title VII.

29.     Defendant, by and through its managers, employees, agents, and representatives, violated Title VII by, but not limited to, the following acts:

a.      failing to provide a work environment free from sex discrimination;

b.      limiting, segregating, or classifying Plaintiff in ways which deprived or tended to deprive Plaintiff of employment opportunities or otherwise adversely affecting the status of Plaintiff because of her sex; and

c.      discriminating against Plaintiff with respect to her employment, compensation, or a term, condition or privilege of employment, because of, in part, her sex;

d.      treating Plaintiff differently from similarly situated male employees in the terms and conditions of employment;

e.      terminating Plaintiff because of, in part, her sex.

30.     Defendant, by and through its managers, employees, agents, and representatives, were predisposed to discriminate on the basis of sex and acted in accordance with that predisposition.

31.     Defendant's actions were intentional and with reckless indifference to Plaintiff's rights and sensibilities.

32.     If Plaintiff had been male, she would not have been treated in the manner recounted above.

33.     As a direct and proximate result of Defendants' wrongful acts and omissions, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits and has suffered mental anguish, physical and emotional distress, and humiliation and embarrassment.

## COUNT II
## HOSTILE ENVIRONMENT GENDER HARASSMENT
## IN VIOLATION OF TITLE VII

34.     Plaintiff incorporates by reference paragraphs 1-33.

35.     During the course of her employment with Defendant, Plaintiff was subjected to unwelcome gender harassing conduct and intimidation

36.     The unwelcome gender harassing conduct and intimidation had the purpose and/or effect of substantially interfering with Plaintiff's employment and/or creating an intimidating, hostile, and offensive employment environment.

37.     Defendant had both actual and constructive notice that Defendant's managers, employees, agents and representatives created a hostile and offensive work environment for Plaintiff.

38.     Despite having notice of the unwelcome gender harassing conduct and intimidation, Defendant failed to remediate.

39.     Defendant's conduct violated Title VII.

40.     As a direct and proximate result of Defendant's wrongful acts and omissions, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits and has suffered mental anguish, physical and emotional distress, humiliation and embarrassment.

**COUNT III**
**SEX DISCRIMINATION**
**IN VIOLATION OF THE ELLIOTT-LARSEN CIVIL RIGHTS ACT**

41.     Plaintiff incorporates by reference paragraphs 1-40

42.     Plaintiff is a member of a protected group under the Elliott-Larsen Civil Rights Act on the basis of her sex.

43.     During Plaintiff's employment, Defendant, by and through its managers, employees, agents, and representatives, intentionally discriminated against Plaintiff in the terms and conditions of employment based on unlawful consideration of sex.

44.     During Plaintiff's employment, Defendant, by and through its managers, employees, agents, and representatives, treated Plaintiff differently from similarly situated male employees in the terms and conditions of employment.

45.    Plaintiff was subjected to sex discrimination by Defendant, by and through its managers, employees, agents, and representatives, said acts being made unlawful by the Elliott-Larsen Civil Rights Act.

46.    Defendant, by and through its managers, employees, agents, and representatives, violated the Elliott-Larsen Civil Rights Act by, but not limited to, the following acts:

   a.    failing to provide a work environment free from sex discrimination;

   b.    limiting, segregating, or classifying Plaintiff in ways which deprived or tended to deprive Plaintiff of employment opportunities or otherwise adversely affecting the status of Plaintiff because of her sex; and

   c.    discriminating against Plaintiff with respect to her employment, compensation, or a term, condition or privilege of employment, because of, in part, her sex;

   d.    treating Plaintiff differently from similarly situated male employees in the terms and conditions of employment;

   e.    terminating Plaintiff because of, in part, her sex.

47.    Defendant, by and through its managers, employees, agents, and representatives, were predisposed to discriminate on the basis of sex and acted in accordance with that predisposition.

48.     Defendant's actions were intentional and with reckless indifference to Plaintiff's rights and sensibilities.

49.     If Plaintiff had been male, she would not have been treated in the manner recounted above.

50.     As a direct and proximate result of Defendants' wrongful acts and omissions, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits and has suffered mental anguish, physical and emotional distress, and humiliation and embarrassment.

**COUNT IV**
**HOSTILE ENVIRONMENT GENDER HARASSMENT**
**IN VIOLATION OF THE ELLIOTT-LARSEN CIVIL RIGHTS ACT**

51.     Plaintiff incorporates by reference paragraphs 1-50.

52.     During the course of her employment with Defendant, Plaintiff was subjected to unwelcome gender harassing conduct and intimidation

53.     The unwelcome gender harassing conduct and intimidation had the purpose and/or effect of substantially interfering with Plaintiff's employment and/or creating an intimidating, hostile, and offensive employment environment.

54.     Defendant had both actual and constructive notice that Defendant's managers, employees, agents and representatives created a hostile and offensive work environment for Plaintiff.

55.     Despite having notice of the unwelcome gender harassing conduct and intimidation, Defendant failed to remediate.

56.     Defendant's conduct violated the Elliott-Larsen Civil Rights Act.

57.     As a direct and proximate result of Defendant's wrongful acts and omissions, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits and has suffered mental anguish, physical and emotional distress, humiliation and embarrassment.

## COUNT V
## RETALIATION / RETLIATORY HARASSMENT
## IN VIOLATION OF THE ELLIOTT-LARSEN CIVIL RIGHTS ACT

58.     Plaintiff incorporates by reference paragraphs 1-57.

59.     After her complaints about unwelcome sex discrimination and gender harassment, Plaintiff was subjected to retaliation and retaliatory harassment by Defendant, including, but not limited to, termination of her employment, because she complained of unlawful acts of harassment and discrimination in violation of the Elliott-Larsen Civil Rights Act.

60.     This retaliation and retaliatory harassment would not have occurred had Plaintiff not engaged in protected activity pursuant to the Elliott-Larsen Civil Rights Act.

61.     Defendant's conduct violated the Elliott-Larsen Civil Rights Act.

62.     As a direct and proximate result of Defendant's wrongful acts and omissions, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits and has suffered mental anguish, physical and emotional distress, humiliation and embarrassment.

**WHEREFORE**, Plaintiff prays that this Honorable Court grant the following remedies:

A.     Declare that the aforementioned practices and actions of Defendant constitute unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 USC §2000e et seq., and the Elliott-Larsen Civil Rights Act, MCL §37.2101 et seq.

B.     Award Plaintiff all lost wages and the value of fringe benefits, past and future, to which she is entitled;

C.     Award Plaintiff compensatory damages;

D.     Award Plaintiff punitive damages;

D.     Award Plaintiff reasonable attorney's fees, costs, and interest; and

E.     Award Plaintiff such other relief as this Court deems just and proper.

/s/Teresa J. Gorman
Teresa J. Gorman (P61001)
Teresa J. Gorman PLLC
Attorneys for Plaintiff
5700 Crooks Road, Suite 200
Troy, MI 48098
(248) 763-6943
terigorman@aol.com

## <u>JURY DEMAND</u>

Plaintiff demands a jury trial.

                                        /s/ Teresa J. Gorman
                                        Teresa J. Gorman (P61001)
                                        Teresa J. Gorman PLLC
                                        Attorneys for Plaintiff
                                        5700 Crooks Road, Suite 200
                                        Troy, MI 48098
                                        (248) 763-6943
                                        terigorman@aol.com